**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **REMOTE LOCATOR SYSTEMS, LLC,**<br><br>         Plaintiff,<br><br>    v.<br><br>**VERIZON WIRELESS INC.**<br><br>         Defendants. | **CIVIL ACTION NO. 2:13-cv-677**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for patent infringement in which Remote Locator Systems LLC ("Remote Locator Systems") makes the following allegations against Verizon Wireless Inc. ("Defendant" or "Verizon Wireless"):

### PARTIES

1.   Remote Locator Systems LLC is a limited liability company formed under the laws of the State of Texas with a principle place of business located in Plano, Texas, 75020.

2.   Defendant Verizon Wireless Inc. is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 140 West Street New York, NY 10007. Verizon Wireless can be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

### JURISDICTION AND VENUE

3.   This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284 - 85, among others. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,548,637

6.     On August 20, 1996, United States Patent No. 5,548,637 (the "'637 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and Apparatus for Locating Personnel and Objects in Response to Telephone Inquiries". A true and correct copy of the '637 patent is attached hereto as Exhibit A.

7.     Remote Locator Systems is the owner of the '637 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '637 patent against infringers, and to collect damages for all relevant times.

8.     Verizon Wireless directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Family Locator application for the iOS, Android and BlackBerry operating systems) that infringed and continue to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '637 patent.

## JURY DEMAND

Remote Locator Systems hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Remote Locator Systems requests that the Court find in its favor and against Defendant, and that the Court grant Remote Locator Systems the following relief:

a.   Judgment that one or more claims of the '637 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

b.   A permanent injunction enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '637 patent;

c.   Judgment that Defendant account for and pay to Remote Locator Systems all damages and costs incurred by Remote Locator Systems, caused by Defendant's infringing activities and other conduct complained of herein;

d.   That Remote Locator Systems be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.   That this Court declare this an exceptional case and award Remote Locator Systems reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.   That Remote Locator Systems be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 27, 2013                              Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:    (469) 587-9776
Facsimile:     (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF**
**REMOTE LOCATOR SYSTEMS, LLC**